The opinion of the court was delivered by
McEnery, J.
On the 25th day of November, 1890, the defendant C. B. Andrus filed a petition to obtain the benefit of the insolvent laws.
On this petition and a sworn statement of his assets and liabilities, and a list of his creditors, the district judge accepted the cession for the creditors and fixed a day for the meeting of creditors, and issued the usual order for a stay of proceedings against the person and property of the insolvent.
*1082 On the application of several creditors a provisional syndic was appointed, who qualified.
In compliance with the order of court a meeting of creditors was held, the cession accepted by a majority in number and amount of said creditors, who voted to accept the cession and to grant the debtor a discharge.
Oppositions were filed by several creditors charging the insolvent with fraud. At the December term of the District Court, in 1892, this opposition was tried, and a jury returned a verdict finding the insolvent Andrus guilty of fraud in his cession proceedings. On this verdict of the jury the district judge rendered judgment declaring said cession fraudulent, but declined to annul the cession in its entirety. The judgment was signed on December 27, 1892.
The plaintiff creditor filed this suit, accompanied by attachment, on November 16, 1892. The ground for attachment was that the defendant had mortgaged, assigned and disposed of his property, rights or credits or some parts thereof with the intent to defraud his creditors or to give an unfair preference to some of them, and that he had converted his property into money, or evidences of debt, with intent to place the same beyond the reach of his creditors. The funds of the insolvent estate in the hands of the provisional syndic were seized under the writs of attachment, as a third party, having under his control or in his possession rights and credits belonging to the insolvent debtor.
Several privileged creditors intervened in the suit. The defendant and these intervenors filed an exception to dismiss the suit on the ground of no cause of action.
The provisional syndic was made a party to the suit and filed the same exception.
The exception was maintained. The district judge was recused, and the judge ad hoc who tried the case rendered an able and exhaustive opinion for his ruling.
The suit was filed after the verdict of the jury, but one month prior to its being signed by the judge. The verdict standing by itself was inoperative. It had to be merged into a judgment to become effective.
The insolvent debtor had the undoubted right to file a motion for a new trial. Until the judgment became definitive the staying order remained in force. This case comes directly within the rule laid *1083 down in Mitchel vs. Dalton, 44 An., where the grounds for the attachment were the same as the instant case. We said in that case: “ The allegations of the plaintiff in his petition, that the defendants were insolvent and that they had defrauded, or were about to defraud, their creditors, made at the time, under the circumstances, in manner and for the purposes as they were, did not warrant the course pursued in the matter by the plaintiff.” In that case, as in this, the plaintiff pursued the insolvent in disregard of the staying order, and attempted to subject property on the schedule of the insolvent to his individual debt.
The suit of the plaintiff being in violation of the preliminary restraining order granted in the insolvent proceedings is irregular and void, being directly in the face of a prohibitory law.
The suit of the plaintiff is also based on the idea that a conviction of the insolvent for fraud in the insolvent proceedings annuls all the insolvent proceedings, restores the property to him, which can be seized by individual creditors as though no surrender had ever been made.
We are unable to find any law to sustain the views presented by plaintiff.
When the debtor surrenders his property he relinquishes it in favor of all his creditors. O. O. 2170.'
He has no control over it whatever. He has nothing to say about its administration or disposition. He has only the right to redeem it by paying the amount of his debts, and a residuary interest in case, after its sale, there should be something remaining.
The provision of Act 2175, which says that the surrender does not give the property to the creditors; it only gives them the right of selling it for their benefit and receiving the income of it until sold— means only that the debtor has a contingent interest in it only on paying the debts and taking the property back, and receiving the residuum after its administration by the creditors.
The insolvent law in consideration of an honest surrender of property grants to a debtor a discharge of his debts, freedom of his person and property from judicial pursuit. If convicted of fraud these privileges are denied him and punishment by imprisonment is also visited upon him. The conviction can in no way affect the property. To deprive the creditors of the right they have acquired on it by the conviction of the insolvent debtor would in effect be to punish the creditor.
*1084 When the surrender is made all the debtor’s property passes into the insolvency, whether on the schedule or not. It is all pledged to the creditors for their common benefit. They accept the surrender with this understanding, and no act of the debtor can divest their qualified ownership of the property, except a repurchase of the property by payment of the debts.
The death of the debtor does not change the qualified ownership of the surrendered property. If he dies before the sale his succession retains the same right to redeem and to the surplus that the debtor had, but the creditors retain and hold the property in the same manner as they did before the death of the debtor. O. O. 2180.
We have not the authorities before us, but we confidently assert that in the administration of the United States bankrupt law a single instance can not be found where the insolvent was convicted of fraud and his estate was taken from the jurisdiction of the bankrupt court. It always continued in the hands of the assignee for final distribution among creditors.
The plaintiffs are attempting to seize the funds in the hands of the syndic, which is the common fund of all the creditors, and subject it to their individual benefit.
As we have stated in the case of Morris McGraw et als. vs. Andrus, the effect of such a proceeding, if the circumstances justified it, would be to bring the property if not on the schedule into the insolvency for the common benefit of all the creditors.
The property of the insolvent has been sold and the proceeds are in the hands of the syndic. There is no property, on the theory of plaintiff, in existence that can revert to the insolvent debtor. The surplus only could be demanded. But the fund belongs to all the creditors, and it must be administered for their common benefit. After the property has been sold the debtor’s right to redeem it has passed. Under the facts of this case, conceding that the verdict restored the property to the debtor, what would go to him? Only the surplus after paying all his debts. No surplus is alleged in the petition. On the contrary, the insolvency of the debtor and defendant is affirmed. The petition discloses no cause of action.
Judgment affirmed.